IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON MECKENSTOCK and MARY
MECKENSTOCK,

        Plaintiff,

vs.

Case No. 09-1251-JTM

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE,

        Defendants.

MEMORANDUM AND ORDER

      The plaintiffs, Sharon and Mary Meckenstock, claim they are beneficiaries of a life insurance policy issued by defendant North American Company for Life and Health Insurance to the late Wilbur E. Meckenstock. North American refused to pay benefits under the policy, contending that it lapsed on August 8, 2008 for non-payment of premiums. The plaintiffs have raised claims for breach of contract (Counts 1 and 3), breach of duty and good faith and fair dealing (Count 2), promissory estoppel (Count 4), and unjust enrichment (Count 5). North American has moved to dismiss the non-contract claims.

      North American argues that Count 2 should be dismissed because Kansas law does not recognize a separate action for breach of implied contractual duty of good faith under Kansas law, *United States Fire Ins. v. Bunge North America, Inc.*, No. 05-2192-JWL, 2008 WL 3077074, at *16,

n.12 (D. Kan. Aug. 4, 2008), and no independent fiduciary duty arises under Kansas law merely by the existence of the contract for insurance. *See Gottstein v. National Ass'n for Self Employed*, 53 F.Supp. 2d 1212, 1221 (D. Kan. 1999). It argues that Count 4 should be dismissed pursuant to *Decatur County Feed Yard v. Fahey*, 974 P.2d 569 (Kan. 1999), because Kansas law does not recognize such a claim for promissory estoppel where there is a separate agreement supported by consideration. Finally, it argues that Count 5 alleging unjust enrichment should be dismissed, since the alleged enrichment – payment of the policy's premiums – was simply consideration for the contract of insurance, *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799-800 (6th Cir. 2009), and also because such quasi-contractual remedies are unavailable when an express contract defines the scope of the parties duties. *See School-Link Technologies v. Applied Resources*, 471 F.Supp.2d 1101, 1116 (D. Kan. 2007).

In their response, the plaintiffs recite (Dkt. 14, at ¶ 11) the basic standard of Rule 8 that a Complaint need give only "a short and plain statement of the claim," coupled with general statements of the elements of promissory estoppel (¶ 14), and unjust enrichment (¶ 18). However, plaintiffs fail to respond to any of the specific cases cited by North American in its original motion, except to note the *School Link Technologies* holding before stating merely that "[a]s alleged in the complaint and outlined in the facts, the issue is for the court to decide whether this policy was in force." (*Id*. at ¶ 26).

The court will grant the motion to dismiss the non-contractual claims. Plaintiffs have supplied no response to North American's argument that a claim for breach of duty cannot be maintained under these facts in light of decisions such as *United States Fire Ins. v. Bunge North America* and *Gottstein v. National Ass'n for Self Employed*. That is, under Kansas law there was

no independent duty arising separate from the contract itself, and the plaintiffs are both entitled and limited to suing on the contract.

Dismissal of the claim for promissory estoppel is appropriate because there is a separate contract supported by consideration. *See Pizza Mgt, Inc. v. Pizza Hut, Inc.*, 737 F.Supp. 1154, 1168 (D. Kan. 1990). Again, plaintiffs supply no response to cited case law holding that promissory estoppel claims are displaced by the existence of a contract supported by consideration.

Finally, the court will also dismiss the claim for unjust enrichment. Plaintiffs provide no response at all to North American's first argument on the claim – that the mere payment of premiums under an insurance contract is not enough in itself to justify a separate quasi-contract claim for unjust enrichment. Plaintiffs do respond to North American's second argument – that the unjust enrichment claim is displaced by the express contract – but only by reciting the holding of *School Link Technologies* coupled with the conclusion that the court should decide whether the contract remained in force.

In *School Link*, the court observed that "[q]uasi-contractual remedies such as unjust enrichment are not available when an enforceable express contract regulates the parties' relations with respect to the disputed issue." 471 F.Supp.2d at 1116 (*citing Ice Corp. v. Hamilton Sundstrand, Inc.*, 444 F.Supp.2d 1165, 1170 (D.Kan.2006)). An exception arises if the express contract is void, unenforceable, rescinded, or waived. *Id. See also, e.g., Whan v. Smith*, 130 Kan. 9, 12-13, 285 P. 589, 591 (1930). Here, however, there is no contention that the original contract of insurance was itself invalid, or that it somehow terminated other than by the operation of its own express provisions.

IT IS ACCORDINGLY ORDERED this 21st day of December, 2009 that the defendant's Motion to Dismiss (Dkt. 10) is hereby granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE